IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>THOMAS MILLETT, MICHELLE MCLAUGHLIN, and FLATHEAD COUNTY,<br><br>Defendants. | CV 21–47–M–DWM<br><br>OPINION and ORDER |

On April 20, 2021, Plaintiff United States of America filed this action pursuant to 26 U.S.C. §§ 7401 and 7403, seeking a federal tax lien against real property owned by Defendants Thomas Millett and Michelle McLaughlin (collectively "Defendants"). (Doc. 1.) After numerous extensions of time and an unsuccessful motion to dismiss, (*see* Docs. 21, 24), Defendants filed an Answer and Counterclaim on February 10, 2022, (Doc. 25). In that filing, Defendants grouped their affirmative defenses and counterclaim under one heading: "Counter Claim of Defendants." (*See id.* at 3–4.) Defendants' counterclaim is premised on the argument that the United States obtained Defendants' private utility and tax information "without any due process of law" in violation of "Defendant's right to privacy and right to be free from unreasonable searches and seizures as guaranteed

1

by the 4th and 9th Amendments of the US Constitution." (*Id.* at 3.) Defendants therefore seek $10,000 "for each occasion that Plaintiff obtained any utility, tax, or information about Defendants from third parties without due process of law." (*Id.*)

On April 11, 2022, the government filed a motion to dismiss Defendants' counterclaim for lack of jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. (Doc. 28.) According to the government, the United States has not waived its sovereign immunity and even if it had, Defendants failed to satisfy certain statutory prerequisites for challenging a tax assessment or asserting a cause of action under 26 U.S.C. § 7433. (Doc. 29.) In lieu of responding, Defendants filed a First Amended Answer and Counterclaim on April 29, 2022. (Doc. 30.) That counterclaim is substantively the same as the original, although Defendants have no separated the "Affirmative Defenses" from the "Counter Claim."

A preliminary pretrial conference was held on May 18, 2022, (*see* Doc. 34), and the government was permitted to orally renew its motion to dismiss in light of Defendants' amended pleading, (*see* Doc. 35 at 14). Defendants were given an opportunity to respond, (*id.*), and have since done so, (Doc. 36). For the reasons provided below, the United States' renewed motion to dismiss is granted.

### Legal Standard

Rule 12(b)(1) authorizes a court to dismiss claims over which it lacks proper subject matter jurisdiction. Federal district courts are courts of limited jurisdiction

that "may not grant relief absent a constitutional or valid statutory grant of jurisdiction" and are "presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *A-Z Int'l v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003) (quotation marks omitted). Rule 12(b)(1) challenges may be either facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contains in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* "Under settled principles of sovereign immunity, the United States, as sovereign, is immune from suit, save as it consents to be sued and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Dalm*, 494 U.S. 596, 608 (1990) (quotation marks and alteration omitted).

Because Defendants are proceeding pro se, their Counterclaim is liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (per curiam). "Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the [pleading]'s deficiencies and an opportunity to amend prior to dismissal . . . ." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Leave to amend may be

denied, however, where amendment would be futile. *See Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008).

## ANALYSIS

Defendants first argue that because their First Amended Answer and Counterclaim superseded the original pleading, the United States' motion to dismiss is moot. That argument ignores the fact that the Court specifically granted the United States leave to orally renew its motion at the May 18, 2022 pretrial conference. Nor is the renewed motion untimely. Once Defendants filed their amended pleading, the government once again had 60 days to respond.[1] *See* Fed. R. Civ. P. 12(a)(3). Accordingly, the government's renewed motion is properly before the Court.

Defendants further argue that because the "language" of their Amended Answer and Counterclaim is different from that in the original pleading, it is not subject to the government's previous challenge. That argument is equally unavailing. It is undisputed that Defendants' amended pleading maintains the counterclaim based on the Fourth and Ninth Amendments presented in their original complaint. Defendants' allegation of a distinct affirmative defense on the

---

[1] The renewed motion would have even been timely under the 21-day deadline that applies to private parties. *See* Fed. R. Civ. P. 12(a)(1)(B).

grounds of additional statutory noncompliance does not undercut the substance of the government's challenge.

As to the merits of the government's motion, Defendants are correct that not all of the government's substantive arguments succeed. Indeed, Defendants do not seek to "recover[] . . . any internal revenue tax alleged to have been erroneously or illegally assessed or collected," so the rules governing such as request do not apply. *See* 26 U.S.C. § 7422. The government is nevertheless correct that Defendants' counterclaim fails to overcome the United States' sovereign immunity as to confer jurisdiction. To exercise subject matter jurisdiction over an action against the federal government, there must be "a clear statement from the United States waiving sovereign immunity, together with a claim falling within the terms of the waiver." *United States v. White Mtn. Apache Tribe*, 537 U.S. 465, 472 (2003) (citations omitted). No such waiver has occurred here.

While it is difficult to discern the nature of the constitutional violation Defendants allege, Defendants cannot maintain a constitutional privacy or due process claim insofar as the waiver of sovereign immunity in such a context is limited to those suits that meet the requirements of *Bivens*. *See Bivens v. Six Unknown Named Federal Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971); *Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007). A *Bivens* suit can only proceed against a federal

5

employee in an individual capacity. *Consequo de Dasarrollo Economico de Mexicali, A.C.*, 482 F.3d at 1173; *see also Solida v. McKelvey*, 820 F.3d 1090, 1094 (9th Cir. 2016) ("By definition, *Bivens* suits are individual capacity suits and thus cannot [lie against] official government action."). Moreover, "a *Bivens* action does not lie where a comprehensive federal program, with extensive statutory remedies for any federal wrongs, shows that Congress considered the types of wrongs that could be committed in the program's administration and provided meaningful statutory remedies." *Adams v. Johnson*, 355 F.3d 1179, 1183–84 (9th Cir. 2004). Accordingly, *Bivens* relief is generally unavailable in the tax collection context. *Id.* at 1186; *see also Wages v. IRS*, 915 F.2d 1230, 1235 (9th Cir. 1990) (explaining that courts have "never recognized a constitutional violation arising from the collection of taxes" and even if they had, the remedies provided by the tax code "foreclose a damage action under *Bivens*").

Nor is Defendants' counterclaim any more successful construed as a challenge to the IRS's statutory compliance. Section 7433 of Title 26 provides the exclusive remedy for damages associated with the agency's failure to comply with the Internal Revenue Code. *See Cox v. United States*, 2017 WL 2385341, at *6 (D. Hawaii May 31, 2017). Section 7433 requires a taxpayer to exhaust his or her administrative remedies before bringing suit, 26 U.S.C. § 7433(d)(1), which requires filing an administrative claim, 26 C.F.R. § 301.7433-1(d)–(e). Defendants

have neither alleged that they filed an administrative claim nor shown that they have exhausted such remedies, despite the government pointing out this deficiency prior to the Amended Counterclaim being filed. *See Conforte v. United States*, 979 F.2d 1375, 1377 (9th Cir. 1992). In the absence of compliance with § 7433, the United States remains immune.

Because Defendants do not have a *Bivens* action for a violation of their due process or privacy rights and have not followed the proper administrative process, this Court lacks subject matter jurisdiction over Defendants' Counterclaim. Defendants' invocation of "res judicata" cannot create subject matter jurisdiction where there is none. (*See* Doc. 36 at 4–5.) Nor will leave to amend be permitted because neither the shortcoming under *Bivens* nor the failure to administratively exhaust under § 7433 can be cured by further amendment.

## CONCLUSION

Based on the foregoing, the United States' renewed motion (*see* Doc. 28) is GRANTED. Defendants' Amended Counterclaim is DISMISSED WITH PREJUDICE.

DATED this 5th day of July, 2022.

Donald W. Molloy, District Judge
United States District Court