IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>THOMAS MILLETT, MICHELLE MCLAUGHLIN, and FLATHEAD COUNTY,<br><br>Defendants. | CV 21–47–M–DWM<br><br>OPINION<br>and ORDER |

On April 20, 2021, Plaintiff United States of America filed this action pursuant to 26 U.S.C. §§ 7401 and 7403, seeking a federal tax lien against real property owned by Defendants Thomas Millett and Michelle McLaughlin (collectively "Defendants"). (Doc. 1.) After numerous extensions of time and an unsuccessful motion to dismiss, (*see* Docs. 21, 24), Defendants filed an Answer and Counterclaim on February 10, 2022, (Doc. 25). On April 29, 2022, Defendants' filed an Amended Answer and Counterclaim, (Doc. 30), and, on July 5, 2022, their Counterclaim was dismissed with prejudice, (Doc. 39). Defendants now seek judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure, (Doc. 41), and request judicial notice of related documents, (Doc. 42). For the reasons stated below, Defendants' motion for judgment on the pleadings is

1

granted as to the narrow question of McLaughlin's original, half-interest in the real property at issue. The motions are otherwise denied.

## LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "A judgment on the pleadings is properly granted when, assuming the truth of the allegations in the non-moving party's pleadings, the moving party is entitled to judgment as a matter of law." *Rubin v. United States*, 904 F.3d 1081, 1083 (9th Cir. 2018). As with a motion under Rule 12(b)(6), a successful Rule 12(c) motion must show either that the complaint lacks a cognizable legal theory or fails to allege facts sufficient to support its theory. *Dworkin v. Hustler Mag. Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). While the determination of a Rule 12(c) motion is generally limited to the pleadings, *see* Fed. R. Civ. P. 12(d), a "court may consider facts that are contained in materials of which the court may take judicial notice," *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) (internal quotation marks omitted).

## ANALYSIS

Defendants argue that the Complaint makes only "bare-bone allegations of assessments of income tax, penalties, and interest" and that even if those

2

allegations are sufficient, they fail to reach McLaughlin's interest in the real property at issue. (Doc. 41 at 2.) In response, the government insists that it has adequately pled the existence of the tax assessments under Rule 8(a) and that Montana's homestead laws do not shield the real property at issue from a federal tax lien. While the government is mostly correct, Defendants prevail insofar as McLaughlin retains her half-interest in the real property based on her joint tenancy when it was first acquired.

## I. The Assessments (Count I)

In Count I of its Complaint, the government seeks to reduce Millett's unpaid federal income taxes (Form 1040), penalties, and interest to judgment. (Doc. 1 at ¶¶ 17–22.) Defendants argue that there are certain conditions precedent that must be met before an assessment may be made and that the Complaint fails to allege compliance with such conditions. Specifically, Defendants argue that an assessment may only be made on a "returns or lists" as outlined in 26 U.S.C. § 6201(1), or following deficiency procedures under 26 U.S.C. § 6212, and that the Complaint is deficient because it does not allege which procedure was followed here. While the government generally agrees with these two types of assessment, it maintains that it need not specifically plead which process was followed here. The government is correct.

As argued by the government, Rule 8(a) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Here, the Complaint sets forth the following facts: the date of the assessments and the amounts assessed, (Doc. 1 at ¶ 18); a notice and demand for payment on the assessments, (*id.* ¶ 21); and the filing of a Notice of Federal Tax Lien with the County Clerk of Flathead County, Montana, (*id.* ¶ 34). In so doing, "the Government's Complaint contains factual allegations to support each of the elements required for a proper notice and assessment and to establish the validity and enforceability of the liens that attach when payment of tax is not made." *United States v. Howe*, 2020 WL 6068161, at *5 (D. Idaho Apr. 10, 2020).

Contrary to Defendants' position, a plaintiff is not required to include "detailed factual allegations." *Iqbal*, 556 U.S. at 278. Nor is the government's Complaint subject to a heightened pleading standard. While Defendants invoke Rule 9(c)—which addresses the pleading of "conditions precedent"—that rule specifically provides that "it suffices to allege generally that all conditions precedent have occurred or been performed." Here, even assuming Rule 9(c) is triggered, the allegation of the assessment itself meets that requirement. At trial, Defendants may dispute the validity of the amounts assessed, but their existence has been adequately pled here. *See United States v. Boyce*, 38 F. Supp. 3d 1135, 1151–52 (C.D. Cal. 2014) (discussing the shifting evidentiary burden on summary

4

judgment). Relying on *United States v. Janis*, Defendants insist that assessments need not be taken at face value if they are "naked and without Any foundation [sic]." 428 U.S. 433, 442 (1976). *Janis*, however, addresses who carries the burden in proving whether an assessment amount is correct and whether items illegally seized in a criminal matter can be used against a taxpayer in a civil matter. *See generally id.* As such, *Janis* has no bearing on the pleading standard for tax assessments. Ultimately, while the government carries a burden of proving the amount owed and that proper notice was provided to the taxpayer, *see Palmer v. IRS*, 116 F.3d 1309, 1312 (9th Cir. 1997), it need not do so in its pleading.

Similarly, Defendants argue that the government bears the burden of production concerning any penalties asserted under 26 U.S.C. § 7491(c). Because this argument once again conflates what must be pled with what must be produced and proved, Defendants' motion is denied as to Count I.

## II. The Property (Counts II, III, and IV)

Defendants' remaining arguments concern their respective ownership interests in 775 Pleasant Valley Road, Marion, Montana (the "Property"), specifically McLaughlin's interest. In its Complaint, the government seeks a determination that McLaughlin holds an interest in the Property as a "nominee" for Millett (Count II), a determination that the transfer of the Property from Millett to McLaughlin was fraudulent (Count III), and a declaration that the federal tax liens

5

discussed above attach to all of Millett's property, including the Property. (*See* Doc. 1.) Ultimately, McLaughlin retains a half-interest in the Property in light of her joint tenancy when it was first acquired; however, that determination does not prevent the government from proceeding on any of its claims related to Millett's alleged half-interest.

A.   **Joint Tenancy**

Defendants first argue that the existence of their joint tenancy prior to the allegations of fraudulent transfer precludes a finding that Millett is the "true owner of the property" and means that McLaughlin retains, at a minimum, her original 50% interest. That argument has merit. Under Montana law, "[w]hen two people own real property as joint tenants with the right of survivorship, each owns equal shares in the property." *Rausch v. Hogan*, 28 P.3d 460, 465 (Mont. 2001). Here, the Complaint alleges that Millett and McLaughlin acquired the Property as joint tenants on March 20, 2012. (Doc. 1 at ¶ 11.) Thus, as of that date, Millett and McLaughlin each owned 50% of the whole Property. The Complaint contains no allegations challenging this original ownership divide. To the contrary, the Complaint focuses exclusively on Millett's subsequent conveyance of *his* 50% interest to McLaughlin in September 2012. (*See id.* ¶¶ 24–25, 30.) And the government does not address this issue in its responsive briefing. (*See* Doc. 44.) Thus, as argued by Defendants, McLaughlin retains a 50% interest in the Property

6

that is not subject to the government's lien. *See United States v. Rodgers*, 461 U.S. 677, 690–91 (1983) (explaining that the government's lien cannot extend beyond the property interest of the delinquent taxpayer). Defendants' motion is therefore granted on this narrow ground.[1]

B.  **Homestead Claim**

That is not the end of the case, however, as the government challenges Millett's subsequent transfer of his 50% ownership of the Property to McLaughlin. In this vein, Defendants argue that in addition to her 50% ownership interest, McLaughlin also has a homestead claim that exceeds the value of the remaining 50% interest in the Property. While the government presents a number of arguments in response,[2] the simple answer is that state homestead laws do not shield a property from a federal tax lien, 26 C.F.R. § 301.6334-1(c); *Rodgers*, 461

---

[1] Given the Complaint's focus on the September 2012 transfer, it is not entirely clear that the government even seeks to reach McLaughlin's original 50% share in the Property. (*See, e.g.*, Doc. 1 at 15 (requesting relief in terms of Millett's "interest in the Subject Property"; Doc. 44 at 10 (describing liability as attaching to Millett's "fraudulently conveyed half-interest in the Subject Property").) But, to the extent such relief is implicated, Defendants' position has merit.

[2] The government is likely correct that Defendants waived this argument by failing to plead it as an affirmative defense. *See KST Data, Inc. v. DXC Tech. Co.*, 980 F.3d 709, 714 (9th Cir. 2020) ("Generally, an affirmative defense that is not asserted in an answer to the complaint is waived or forfeited by the defendant."). But the Court is disinclined to enforce this procedural bar in light of Defendants' pro se status. *See Waters v. Young*, 100 F.3d 1437, 1441 (9th Cir. 1996) ("As a general matter, this court has long sought to ensure that pro se litigants do not unwittingly fall victim to procedural requirements that they may, with some assistance from the court, be able to satisfy.").

U.S. at 701, and Montana's homestead laws limit a claimant's interest to an "amount proportional to the claimant's undivided interest" in the property, Mont. Code Ann. § 70–32–104(2). Thus, if the government prevails on its allegations that Millett's tax liabilities attach to his half-interest in the Property as alleged in Counts II, III, and IV of the Complaint, McLaughlin's interest is limited to the value of her half-interest. Put differently, Montana's homestead laws do not prevent the government from proceeding against Millett's interest or allow McLaughlin to recover more than her interest. Accordingly, Defendants' motion for judgment on the pleadings is denied as to Counts II, III, and IV.[3]

Because the Court need not rely on the proffered Homestead Declaration, (*see* Doc. 42 at 3), or Flathead County's tax assessment, (*see id* at 5), to resolve the pending motion, the request to take judicial notice of those documents is also denied.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Defendants' motion for judgment on the pleadings (Doc. 41) is GRANTED in PART and DENIED in PART as outlined above.

---

[3] While Defendants are correct that the Complaint does not seek foreclosure, because such relief is not sought, the absence of such a claim is not at issue and is not properly subject to Defendants' Rule 12(c) motion.

IT IS FURTHER ORDERED that Defendants' motion for judicial notice (Doc. 42) is DENIED.

DATED this 13th day of January, 2023.

/s/ Donald W. Molloy
Donald W. Molloy, District Judge
United States District Court