Case 9:21-cv-00047-DWM  Document 53-4  Filed 02/09/23  Page 1 of 7

# EXHIBIT 4

| | |
|---|---|
| **From:** | Bissell, Chelsea E. (TAX) |
| **To:** | Thomas Millett |
| **Subject:** | RE: [EXTERNAL] RE: Depositions of Tom Millett and Michelle McLaughlin |
| **Date:** | Friday, September 23, 2022 1:32:00 PM |

Mr. Millett,

You have clearly familiarized yourself with the Federal Rules of Civil Procedure. However, there are points that need to be clarified.

The first is that I will not be deposing you and Ms. McLaughlin simultaneously. You're correct that depositions are limited to 7 testimonial hours. However, this is 7 testimonial hours per person. Depositions are taken one person at a time and you and Ms. McLaughlin cannot testify together. You are separate defendants with separate interests in the case. You thus must be deposed separately. It is for that reason that two separate deposition days are necessary. I will depose you on the first day and Ms. McLaughlin on the second.

Second, we cannot push fact discovery to February 12. Dispositive motions must be fully briefed by February 13. This means that if the United States, you, or Ms. McLaughlin choose to file a dispositive motion, it must be done with enough time to allow the other party to respond and then allow the moving party to reply to that response by February 13. Because depositions are an essential aspect of discovery and fact development, depositions needs to be fully closed to give the parties enough facts to draft dispositive motions. Working backwards from February 13, the dipositive motion deadline, the parties dispositive motions must be filed by January 9, at the latest (latest response date is January 30, latest dispositive motion January 9, per the Montana Local Rule 7.1(d)). For there to be sufficient time to take the depositions, receive the transcripts, and draft dispositive motions, the parties must conclude depositions before January.

Third, technology is only an issue in virtual depositions. We do not need technology for an in-person deposition since we would be in the same room. Video conferencing has been consistently failing attorneys in our office, so given the tight timeline for depositions, it's reasonable to not rely on an unpredictable medium in this instance.

Fourth, while document sharing can work, it is not foolproof (see point three) and often not possible depending on the nature of the exhibits. Exhibits are often meant to be interactive and for that reason, many attorneys have a strong preference toward physical exhibits. Additionally, not all exhibits are documents and conducting a deposition virtually precludes the use of exhibits that can't be viewed on a screen. You bring up the possibility of emailing exhibits ahead of time. This is certainly not a common practice in the profession to show a witness the entirety of the exhibits before a deposition and can defeat the purpose of having exhibits at all.

Fifth, in person depositions are better suited to the nature of depositions. You're correct that the Rule 26(f) was professional, however, the purpose of the meet and confer is generally to discuss scheduling issues and preservation of information. The purpose of depositions is to discover facts. There are more factors and nuances that go into fact discovery of this nature than a procedural meeting among the parties.

Finally, the parties agreeing on a day, time, and location for depositions is a courtesy, not an obligation. As the noticing party, the United States gets to choose the manner, time, and location of the deposition. I will notice the depositions to be held at the Missoula Federal Courthouse on December 22 (you) and December 23 (Ms. McLaughlin) at 9 am each day.

**Chelsea Bissell**
Trial Attorney
U.S. Department of Justice, Tax Division
Civil Trial Section – Western Division
Office: (202) 307-1372
Cell: (202) 320-1075

---

**From:** Thomas Millett <simplytom65@yahoo.com>
**Sent:** Wednesday, September 21, 2022 6:53 AM
**To:** Bissell, Chelsea E. (TAX) <Chelsea.E.Bissell@usdoj.gov>
**Subject:** RE: [EXTERNAL] RE: Depositions of Tom Millett and Michelle McLaughlin

Ms. Bissell,

I understand your concerns regarding remote depositions. Those concerns include having documents and exhibits to share, honest and open communication may be jeopardized, proposed December dates close to the holidays, discovery deadline is near the December dates, and technology risks could delay depositions. I will address each concern below.

### *Documents and Exhibits to Share*

If you have documents and exhibits to share you can either share them now or a few days before the deposition. If this is not an option then they can easily be shared during the deposition at the appropriate time via e-mail. Sharing documents electronically in this day and age is instantaneous, easy, and doesn't require the parties to be in the same room.

### *Honest and Open Communication May Be Jeopardized*

Honest and open communication can always be jeopardized when either party chooses to not be open and honest. Earlier this year you will recall the telephone conference we had with Ms. Valdman. I deemed that conference, with multiple parties on the call acting professionally and respectfully towards each other as a success, wouldn't you? This proves that if all parties are acting professionally and respectfully in a comfortable atmosphere then whatever meeting is held (conference, deposition, etc.) whether remotely or in-person will also result in success.

We pledge to you that we will conduct ourselves respectfully and professionally during all interactions with everyone involved as we have done so far. If we don't understand something asked during the remote deposition we will be sure to ask you to clarify yourself and we expect the same

from you if you don't understand us.

### *Proposed December Dates Close to the Holidays*

I would like to point out that it was you that selected the dates close to the Holidays (December 21/22). I simply shifted them ONE DAY to December 22/23 in order to accommodate our schedules. In the grand scheme of things ONE DAY should not make a difference.

Upon further reflection, this is a small tax matter that is before the court. There is no reason to justify two separate days for deposing Ms. McLaughlin and myself unless your intent is to inconvenience, harass or intimidate us. Further, the Federal Rules for Civil Procedures stipulates a maximum of 7 hours per day for depositions (see FRCP Rule 30, (d)(1)). If 7 hours is not enough time to ask all of your questions of both of us then we will make the next day (or another day) available *if needed* to finish the depositions. Please note, we expect the use of the full 7 hours of time allotted the first day and in the interest of moving the process along we are agreeable to extending the 7 hour limit to up to 10 hours if this will result in both depositions finishing in one day.

### *Discovery Deadline Is Soon After The Proposed December Dates*

According to the Scheduling Order promulgated by the Court on May 18, 2022 the Discovery Deadline date is January 6, 2023. However this is NOT a "hard date". If you read the paragraph after the list of dates (page 2) you'll find the following in bold print:

**The parties may stipulate** (acknowledge, agree) **to extension of any of the above deadlines that precede the motions deadline** (February 13, 2022 in this case)**. The parties need not inform the Court of such stipulations, and the court will not issue an order to confirm or adopt such stipulations.**

In essence, the Court is allowing us to move the discovery deadline date, on our own, as long as it is not past February 13, 2023. In theory we can set the discovery deadline date to February 12, 2023 if we want without the courts approval or notification. With this in mind I provide to you the following dates that Ms. McLaughlin and I are available for depositions. Please note that these dates are firm.

**Thursday December 22, 2022** (up to 10 hours)
Friday December 23, 2022 (only if needed)

**Tuesday December 27, 2022** (up to 10 hours)
Wednesday December 28, 2022 (only if needed)

**Wednesday December 28, 2022** (up to 10 hours)
Thursday December 29, 2022 (only if needed)

**Thursday December 29, 2022** (up to 10 hours)
Friday December 30, 2022 (only if needed)

**Wednesday January 4, 2023** (up to 10 hours)
Thursday January 5, 2023 (only if needed)

**Thursday January 5, 2023** (up to 10 hours)
Friday January 6, 2023 (only if needed)

**Thursday February 2, 2023** (up to 10 hours)
Friday February 3, 2023 (only if needed)

### **_Technology Risks_**

Failing technology is a possibility regardless of whether the depositions are remote or in-person. This can be easily addressed by having multiple dates set aside in the event failing technology does occur. In fact, if failing technology does occur it is much easier and convenient to re-schedule remotely than if in-person. If in-person and technology failure does occur then that may necessitate unnecessary travel to and from Missoula and with the unpredictable weather in Montana in the fall/winter that could present a whole new set of problems since Ms. McLaughlin and I do not drive in inclement weather.


Ms. Bissell, while all of your concerns are valid they can either be eliminated or mitigated. The concern for the personal health, safety, and well-being of all parties involved as well as making this process as easy, convenient, and comfortable as possible are the top priorities. To these ends Ms. McLaughlin and I are most comfortable doing our depositions remotely, in one 7 or 10 hour day. Please choose a primary, back-up and tertiary date for the remote deposition and let me know.

Regards,

*Thomas Millett*

---

**From:** Bissell, Chelsea E. (TAX) <Chelsea.E.Bissell@usdoj.gov>
**Sent:** Friday, September 16, 2022 6:18 PM
**To:** Thomas Millett <simplytom65@yahoo.com>
**Subject:** RE: [EXTERNAL] RE: Depositions of Tom Millett and Michelle McLaughlin

Mr. Millett,

I understand that you and Ms. McLaughlin are concerned about contracting Monkey Pox and other viruses, but there are ways to mitigate exposure during an in person deposition. First, we can ensure that everyone wears masks. Second, we can ensure that we sit at least six feet apart during the depositions. Third, we can ensure that everyone tests for covid immediately before the deposition. Fourth, we will have hand sanitizer available. Fifth, because you mention Monkey Pox as a concern (and Monkey Pox is transmitted via skin-on-skin contact) we will promise not to shake hands or have any other physical contact during the depositions. I feel that these measures should

adequately address your health concerns.

Further, the United States does not stipulate to conducting the deposition remotely. There are several reasons for this. I will have documents and exhibits to share, which is much easier done in person. I'm a deposition it's extremely important to be in the same space when possible to ensure honest and open communication. Finally, you have stated that you and Ms. McLaughlin can only be available on December 22 and 23. Because these dates are not only abutting the holidays, but the deadline for fact discovery, the technological risks are high. If either one of our computers, software, or internet connections fails, there will be little time to remedy and reschedule the depositions before the discovery deadline. Judge Molloy made it clear during our Rule 16 hearing that discovery extensions are disfavored. Remote depositions at the 11th hour create a significant risk of an insufficient discovery timeline.

For these reasons, I still insist that we conduct the depositions in person at the Federal Court in Missoula. We will take all precautions listed above, and any other precautions you find necessary, to allay your health concerns.

Thanks,
Chelsea

---

**From:** Thomas Millett <simplytom65@yahoo.com>
**Sent:** Thursday, September 8, 2022 6:26 AM
**To:** Bissell, Chelsea E. (TAX) <Chelsea.E.Bissell@usdoj.gov>
**Subject:** RE: [EXTERNAL] RE: Depositions of Tom Millett and Michelle McLaughlin

Ms. Bissell,

The dates and location you propose will not work for either of us.

The only dates that will work that week are Thursday October 13 **_OR_** Friday October 14 between the hours of 9am and 3pm. Both days cannot be set aside due to previous commitments on both my and Ms. McLaughlin's time. To even make these dates work we will have to rearrange our individual schedules. The next available date would possibly be Wednesday November 9, same hours as above. A date in December will have to be around the Christmas holiday; after December 21.

The location you propose is not reasonable as it is 120 miles and 2 hours driving time each way in addition to not being a neutral site. With the unlimited resources the DOJ has at its disposal it would not be too difficult to reserve a conference room in one of the Kalispell, Montana hotels for the day. Might I suggest the following:

Hilton Garden Inn, Kalispell
Red Lion Hotel, Kalispell
Homewood Suites by Hilton, Kalispell
Springhill Suites by Marriot, Kalispell

Since you would be coming from Washington, DC, flying into Kalispell is easy and convenient since Glacier International Airport serves multiple airline hubs with multiple daily flights.

Regards,

*Thomas Millett*

---

**From:** Bissell, Chelsea E. (TAX) <Chelsea.E.Bissell@usdoj.gov>
**Sent:** Tuesday, September 6, 2022 8:38 AM
**To:** Thomas Millett <simplytom65@yahoo.com>
**Subject:** RE: [EXTERNAL] RE: Depositions of Tom Millett and Michelle McLaughlin

Thank you. I'm also available the first few weeks of December.

---

**From:** Thomas Millett <simplytom65@yahoo.com>
**Sent:** Saturday, September 3, 2022 12:30 PM
**To:** Bissell, Chelsea E. (TAX) <Chelsea.E.Bissell@usdoj.gov>
**Subject:** [EXTERNAL] RE: Depositions of Tom Millett and Michelle McLaughlin

I will consult with Ms. McLaughlin and get back to you next week.

TM

---

**From:** Bissell, Chelsea E. (TAX) <Chelsea.E.Bissell@usdoj.gov>
**Sent:** Thursday, September 1, 2022 11:49 AM
**To:** Thomas Millett <simplytom65@yahoo.com>
**Subject:** Depositions of Tom Millett and Michelle McLaughlin

Mr. Millett & Ms. McLaughlin,

I am figuring out dates for depositions for each of you in Missoula at the U.S. Attorney's Office. I will depose Mr. Millett the first day and Ms. McLaughlin the second day. Would Tuesday October 11 (Mr. Millett) and Wednesday October 12 (Ms. McLaughlin) work for both of you?

**Chelsea Bissell**
Trial Attorney
U.S. Department of Justice, Tax Division
Civil Trial Section – Western Division
Office: (202) 307-1372
Cell: (202) 320-1075