Thomas S. Millett
PO Box 1075
Marion, MT 59925
406-212-3613
simplytom65@yahoo.com
(Defendant in Pro Per)

Michelle D. McLaughlin
PO Box 1075
Marion, MT 59925
(Defendant in Pro Per)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No.: 9:21-cv-47-DWM |
| ) | |
| Plaintiff, ) | |
| ) | RESPONSE IN OPPOSITION TO |
| vs. ) | UNITED STATES' MOTION FOR |
| ) | SANCTIONS |
| THOMAS S. MILLETT; MICHELLE D. ) | |
| MCLAUGHLIN; and FLATHEAD ) | |
| COUNTY ) | |
| ) | |
| _____ ) | |

    Defendants Millett and McLaughlin hereby oppose the motion(s) for sanctions (Dco 52) on grounds of: (i) of lack of proper service of any deposition notice; (ii) disregard of the Court's prior Order granting judgment on the pleadings, and the effect that has on the proportionality of discovery; and (iii) the motion for sanctions is improper against defendant Millett regarding his responses to deposition questions.

1

In its confusing, jumbled, rambling motion, counsel for the United States first complains about unspecified responses to interrogatories, requests for production, and requests for admissions served way back in July 2022. Doc 52, p 6. However, no motion was filed at the time to address any concerns — and the present motion does not appear to do so either. Then it complains about deposition scheduling with defendant Millett. Then it claims "the Defendants chose not to attend their depositions as noticed". Id. But then it claims defendant Millett somehow "refused to answer even though [sic] most basic questions on improper grounds such as relevance" — at a deposition the motion claims Millett 'did not appear'. How Millettt could have possibly 'refused to answer questions' at a deposition he supposedly 'did not attend' is unexplained. Since the bulk of the rambling motion appears to be aimed only at deposition issues, defendants will assume those are the sole issues actually being raised.

One fundamental thing opposing counsel completely ignores is whether or not any deposition notice was ever even properly served. The only alleged service of any deposition notice mentioned in the motion is by email. However, F.R.Civ.P. 5(b)(2)(E) does not recognize service by electronic means unless the party being served has made consent to that "in writing". This requirement is explicit, consent must be express, and cannot be implied from prior conduct or failure to make prior objections. *Ortiz-Moss v. N.Y. City DOT*, 623 F. Supp. 2d 404, 407 (S.D.N.Y. 2008) (among other things, citing Advisory Committee Notes). Absent specific written consent to electronic service of

documents (excluding court filings when one is registered for that service), alleged service be electronic means is invalid. *Id*; also see *RFR Indus. v. Century Steps, Inc.*, 477 F.3d 1348, 1352 (Fed. Cir 2007) (because Answer and/or motion only served electronically without express consent, service was invalid).

Here, since no evidence of any written consent for electronic service is presented anywhere in the motion, no deposition notice was validly served on either defendant.[1] Consequently, neither defendant had any obligation to attend any deposition. Moreover, while the motion jumps to discussing the types of sanctions available under Rule 37(d)(3), it completely ignores the pre-requisite conditions required under 37(d)(1) before any such sanctions can even be considered. Rule 37(d)(1)(A)(i) only allows sanctions when someone fails to appear for a deposition "after being served with proper notice". As discussed above, no such service occurred. Therefore, Rule 37(d) wouldn't even apply at all, and the sanction motion based on non-appearance at any deposition must be denied.

The motion also apparently seeks sanctions against defendant Millett for 'failing to respond to questions in a deposition'. Doc 52, p 10 ("When a party fails to appear in response to a proper deposition notice or fails to respond to questions in a deposition, the Court may issue several sanctions against the offending party"). The last portion of the

---

[1] Regardless of any amount of discussion regarding scheduling any deposition, the deposition notices still had to be properly served.

statement is simply false, and no portion of Rule 37 is cited to support the contention made. Under Rule 37(b)(1), sanctions may only be imposed *after* a court has ordered "a deponent to be sworn or to answer a question" and the party fails/ refuses to do so. That situation simply does not exist. Opposing counsel has seriously misrepresented the law on this issue that should warrant Rule 11 sanctions. Will the Court do anything about it, or allow a government attorney to willfully make gross misrepresentations about the law without any consequences?

Finally, the motion also fails to address the proportionality of discovery required under Rule 26(b). Allowable discovery must be proportionate to the needs of the case. Rule 26(b) identifies six factors a court should consider in assessing the proportionality of discovery: (1) the importance of the issues at stake in the action; (2) the amount in controversy; (3) the parties' relative access to the relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit.

In the instant case, language in the motion shows the United States does not even need any discovery to (supposedly) prove its case. Page 19 of the motion states:

> "The United States has considerable evidence already showing that Mr.Millett had an outstanding federal tax liability and fraudulently transferred his interest in real property in Flathead County to Ms. McLaughlin to avoid paying this liability. Additionally, the United States has evidence showing that Ms. McLaughlin holds the property as Mr. Millett's nominee. Default judgment would only expedite an inevitable outcome in favor of the United States." Doc 52, p 19

The above statement begs the question: why does the United States need any discovery at all? The motion simply does not answer this question, which goes to the very basic issue of proportionality to the needs of the case under Rule 26(b).

In addition, the motion also ignores the Court's prior ruling that granted Michelle McLaughlin judgment on the pleadings which declared her 50% *separate* interest in the property that is the subject of this case. Doc 48, p 6 (recognizing McLaughlin's separate 50% interest). The motion fails to address any proportionality in view of this ruling. Since the motion does not even attempt to address the proportionality issue *at all*, it should also fail under Rule 26(b).

## CONCLUSION

The motion for sanctions simply does not fit within any of the conditions required under Rule 37 before any sanction can even be considered, much less imposed. There were no properly served deposition notices. No order exists directing anyone to answer any deposition question. The motion also fails to even attempt addressing the proportionality requirement of Rule 26(b). The motion must therefore be denied in full.

    /s/ Thomas S. Millett
Thomas S. Millett
PO Box 1075
Marion, MT 59925

    /s/ Michelle D. McLaughlin
Michelle D. McLaughlin
PO Box 1075
Marion, MT 59925

CERTIFICATE OF COMPLIANCE

      It is hereby certified that the number of words in the foregoing document is 1059 according to the count of the word processing system used.

CERTIFICATE OF SERVICE

      IT IS HEREBY CERTIFIED that on this 22nd day of February 2023, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to the following:

Chelsea Bissell
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
(Attorney for United States)

      /s/ Thomas S. Millett