DAVID A. HUBBERT
Deputy Assistant Attorney General

CHELSEA BISSELL (MTBN 58862977)
LOLITA DE PALMA (WABN 57380)
LANDON YOST (CABN 267847)
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-307-1372 (CB)
202-305-3664 (LD)
202-307-2144 (LY)
202-307-0054 (f)
Chelsea.Bissell@usdoj.gov
Lolita.DePalma@usdoj.gov
Landon.M.Yost@usdoj.gov
Western.taxcivil@usdoj.gov

*Counsel for United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>v.<br><br>THOMAS S. MILLETT, MICHELLE D. MCLAUGHLIN, and FLATHEAD COUNTY,<br><br>            Defendants. | Case No. 9:21-cv-00047-DWM<br><br>**United States' Trial Brief** |

Pursuant to the Court's extant Scheduling Order (Doc. 61), the United States submits the following Trial Brief. The only issue remaining for trial is whether the IRS mailed statutory notices of deficiency to Defendant Thomas Millett for the 2009, 2011, and 2012 tax years. The United States will prove at trial that, as a matter of law, the IRS followed proper procedures by mailing these notices of deficiency.

The United States will show this in two ways. First, Forms 4340, Certificates of Assessments, Payments, and Other Specified Matters, show when the IRS assessed liabilities against Mr. Millett and those assessments were made after notices of deficiency were mailed to Mr. Millett's last known address. These entries on the Forms 4340s, alongside copies of the notices of deficiency, sufficiently prove proper notice procedure for 2009, 2011, and 2012. Second, the United States will produce Forms 3877, also known as Certified Mailing Lists. The Forms 3877 contain certified mailing numbers that match those on the copies of the corresponding notices of deficiency already produced by the United States and thus show properly mailing occurred.

## Procedural Background

The United States brought this action to reduce to judgment income tax assessments against Mr. Millett for the 2004 through 2017 tax years. The United States also sought a finding that the liens resulting from these assessments attach to

Mr. Millett's property and rights to property, and that the United States is entitled to collect Mr. Millett's liabilities against 50% of the property located at 775 Pleasant Valley Road, Marion, Montana, 59925 (the "Property). The United States moved for summary judgment on April 21, 2023, seeking a determination that: (1) Mr. Millett owes outstanding federal tax liabilities assessed by the IRS; (2) as a result of these assessments, federal tax liens attached to Mr. Millett's property and rights to property; and (3) the liens stemming from Mr. Millett's tax liabilities for the 2004 through 2009 tax years remain attached to the 50% of the Property Mr. Millett transferred to her after the liens attached because Ms. McLaughlin was not a bona fide purchaser of that interest.

The Court granted the United States' motion in part but found that a genuine issue of material fact exists as to whether the IRS properly mailed the notices of deficiency for the 2009, 2011, and 2012 tax years. (Doc. 78). This is the sole issue for trial.

## Forms 4340, when read in conjunction with notices of deficiency, show that the IRS made assessments after mailing notices of deficiency to Mr. Millett for 2009, 2011, and 2012

If the United States produces copies of the notices of deficiency during discovery, Forms 4340 sufficiently establish that the IRS mailed notices of deficiency before making an assessment. *United States v. Meyer*, 914 F.3d 592, 595 (8th Cir. 2019). Forms 4340 do not show the dates the IRS mailed notices of

deficiencies, but they do show dates of assessment and whether that assessment was made "per default of 90 day letter." *Id.* Notices of deficiencies are also referred to as "90-day letters" because taxpayers have 90 days to petition the Tax Court after the notice is sent. *See* 26 U.S.C. §§ 6212 and 6213. After the 90 days have passed without a petition to the Tax Court, the IRS may assess taxes against the taxpayer. 26 U.S.C. § 6213. The notices of deficiencies and Forms 4340, taken together, are "sufficient to establish" that the IRS properly mailed the notices. *Meyer*, 914 F.3d at 595 (citing *United States v. Rohner*, 634 F. App'x 495, 501-02 (6th Cir. 2015).). In sum, the production of a copy of the notice of deficiency and Form 4340 for a tax year "establishe[s] both the existence and proper mailing of the [notice of deficiency] for that year." *Meyer*, 914 F.3d at 595.

In its ruling on summary judgment, the Court held that "the Forms 4340 themselves show that the IRS sent notices" to Mr. Millett. (Doc. 78, 13). But it also held that these forms did not provide sufficient proof that the United States had mailed notices of deficiency to Mr. Millet for the 2009, 2011, and 2012 tax years. (*Id.*, 8-11). In so holding, it appears the Court misread the Forms 4340 for these years.

Line items of the Forms 4340 can show several events. Take this entry referenced by the Court in its Order and Opinion (Doc. 78, 10):

```
04-15-2010 WITHHOLDING CREDIT                          15,489.00

            ADDITIONAL TAX ASSESSED          22,589.00      05-21-2012
            BY EXAMINATION
            AUDIT DEFICIENCY, 90 DAY
            LETTER UNDELIVERABLE
            ASED 20150515
            29247-521-00207-2  20121905
```

(Doc. 72, 164). This section of the Form 4340 is in fact two entries. The first

shows that a "withholding credit" of $15,489 applied to Mr. Millett's 2009 tax year

on April 15, 2010. The second entry shows that $22,589 of additional tax was

assessed against Mr. Millett on May 21, 2012, by "examination audit deficiency".

This second entry further shows that a 90-day letter (i.e., a notice of deficiency)

was sent but was undeliverable. The United States will also introduce Forms 3877,

which show that this 90-day letter was sent to Mr. Millett's last known address.

This Form 4340 establishes that, although not deliverable, the IRS mailed

the 2009 notice of deficiency to Mr. Millett. Receipt of the notice of deficiency is

not required for proper notice prior to assessment; mailing alone is sufficient to

allow the IRS to assess the deficiency. *Williams v. Comm'r*, 935 F.2d 1066, 1067

(9th Cir. 1991) ("A notice of deficiency is valid if it is mailed to the taxpayer's last

known address *even if it is not received by the taxpayer*." (emphasis added and

internal citation omitted). After the notice was deemed "undeliverable," the IRS

assessed a tax liability against Mr. Millett for the 2009 tax year.

5

But when analyzing this entry on the Forms 4340, the Court misread the dates. In its Order, the Court states that the 2009 notice of deficiency was rendered undeliverable "in 2010." (Doc. 78 at10). It then hypothesizes that an error must exist on the Form 4340 because the 2009 notice of deficiency has a mailing date in January 2012 and no Form 4340 entry has a January 2012 date. *Id.* As seen above, the "2010" date the Court refers to is April 15, 2010. This date is a separate entry from the assessment and notice mailing; it is the filing due date for 2009 federal income tax returns and the date that the $15,489 withholding credit was applied to Mr. Millett's 2009 tax year, not when the IRS mailed the notice of deficiency.

What the 2009 Form 4340 *does* show is that the IRS assessed $22,589 against Mr. Millett on May 21, 2012 (as indicated on the right side of the image above), after the 90-day letter was deemed "undeliverable." (Doc. 72, 164). This is also supported by the timing between the mailing of the 2009 notice of deficiency and the 2009 assessment. The 2009 notice of deficiency, which the United States submitted with its summary judgment motion, is dated January 9, 2012. (Doc. 72, 90). The 2009 Form 4340 shows that the IRS assessed a liability against Mr. Millett that year on May 21, 2012, more than 90 days after the notice of deficiency shows it was mailed. Therefore, taking the 2009 notice of deficiency together with the 2009 Form 4340, the evidence shows that the IRS mailed the notice of

6

deficiency more than 90 days before it assessed a liability against Mr. Millett, as required by law.

A similar analysis applies for 2011. The Court noted that the 2011 Form 4340 "states 'default of 90 day letter' on April 15, 2012.'" (Doc. 78, 10). Again, this reading of the Form 4340 is incorrect. The 2011 Form 4340 shows this:

```
04-15-2012 WITHHOLDING CREDIT                           8,176.00

           ADDITIONAL TAX ASSESSED       9,581.00        02-16-2015
           BY EXAMINATION
           AUDIT DEFICIENCY PER
           DEFAULT OF 90 DAY LETTER
           ASED 20180209
           29247-423-02307-5  20150405
```

(Doc. 72, 175). Like in the 2009 Form 4340, this April 15, 2012 date is one entry that represents the tax return date for the 2011 tax year, which was when the IRS applied a withholding credit to Mr. Millett's 2011 account. The second entry shows that the 2011 assessment was made on February 16, 2015, after "default of 90 day letter." (Doc. 72, 175). The United States has produced a notice of deficiency for 2011 showing a mailing date of September 29, 2014. (*Id.*, 94). Therefore, taken together, the 2011 Form 4340 and the 2011 notice of deficiency show that the IRS mailed a notice to deficiency to Mr. Millett on September 29, 2014. More than 90 days later, after Mr. Millett defaulted on the notice, the IRS assessed a tax liability against him for the 2011 tax year. As discussed above, this evidence shows that the IRS followed lawful deficiency notice procedure.

7

The 2012 tax year does not deviate from this pattern. The Court states that the 2012 "Form 4340 states 'default of 90 day letter' on April 15, 2013, even though the Notice of Deficiency is date September 29, 2014." (Doc 78, 10) (internal citations omitted). But the 2012 Form 4340 reads as follows:

```
04-15-2013 WITHHOLDING CREDIT                          11,999.00

           ADDITIONAL TAX ASSESSED         20,419.80      12-04-2017
           BY EXAMINATION
           AUDIT DEFICIENCY PER
           DEFAULT OF 90 DAY LETTER
           ASED 20201127
           29247-717-00671-7  20174605
```

(Doc. 72, 182). As with 2009 and 2011, the April 15, 2013 date is a separate entry showing the federal tax return filing deadline for the 2012 tax year. On this date, the IRS applied an $11,999 credit to Mr. Millett's 2012 tax obligation. The second entry on the screenshot of the 2012 Form 4340 shows that the IRS assessed $20,419.80 of federal taxes against Mr. Millett on December 4, 2017, per default of the 90-day letter. (Doc. 72, 182). The 2012 notice of deficiency is dated July 24, 2017 (*Id.*, p. 118), more than 90 days before the IRS assessed the 2012 tax on December 4, 2017. As with the 2009 and 2011 years, taken together, the 2012 Form 4340 and 2012 notice of deficiency show the IRS followed deficiency notice procedure before assessing a liability against Mr. Millett for 2012.

At trial the United States will establish these facts and explain the Forms 4340 and notices of deficiency through the testimony of IRS Revenue Officer Brad

Marler. Mr. Marler will testify as to deficiency procedure and how it is reflected in the evidence. His testimony coupled with the Forms 4340 and notices of deficiency provide sufficient evidence that the IRS properly mailed the 2009, 2011, and 2012 notices of deficiency and subsequently properly assessed liabilities against Mr. Millett for those years.

## Certified mailing lists, Forms 3877, will also show proper mailing of notices of deficiency for 2009, 2011, and 2012.

In addition to copies of the notices of deficiency and Forms 4340, the United States will introduce Forms 3877, also known as certified mailing lists. Forms 3877 certify that notices of deficiency have been mailed and are "highly probative." *Zolla*, 724 F.2d at 810. These forms are sufficient—in the absence of contrary evidence—to establish that proper mailing occurred. *Id.*

Mr. Marler will testify that these Forms 3877 reflect the certified mailing number, last known address, and intended recipient of each mailing. Specifically, he will testify that the Forms 3877 prove that the IRS properly mailed the 2009, 2011 and 2012 notices of deficiency to Mr. Millett to his last known address.

The United States did not submit these forms with its summary judgment briefing because it did not have them as part of its file. Because Forms 4340 and notices of deficiency are sufficient, as a matter of law, to establish that the IRS followed proper procedures in making the assessments against Mr. Millett, the United States did not initially produce the Forms 3877 during discovery. However,

9

when drafting a response to Defendants' untimely motion for summary judgment, the United States was able to obtain these documents as additional proof of mailing.[1]

### Conclusion

In sum, the United States will establish at trial, through examination of Brad Marler, the Forms 4340, the notices of deficiency, and Forms 3877, that the IRS properly mailed notices of deficiency to Mr. Millett for 2009, 2011, and 2012. Consequently, the assessments for those years should also be reduced to judgment, and the 2009 federal tax lien attaches to Mr. Millett's interest in the Property.

Furthermore, as a matter of law, all liens for all assessments that the Court found to be valid attached to all of Mr. Millett's property and rights to property upon assessment, when the liens arose. *See* 26 U.S.C. § 6321. However, in its Order (Doc. 78), the Court held that only the liens attributed to the 2004 through 2008 tax years attached to Mr. Millett's property. This oversight is likely due to unclear briefing on the part of the United States, which asked for the Court to find that liens attributed to tax years 2004 through 2009 attached to the Property. But because liens for the remaining tax years attach to all Mr. Millett's property, the United States will seek to correct the Court's order on this issue at trial.

---

[1] The United States did not file this response because the Court ruled against Defendants' motion for summary judgment before the response deadline.

Respectfully submitted July 5, 2023.


                                        DAVID HUBBERT
                                        Deputy Assistant Attorney General

                                        */s/ Landon Yost*
                                        */s/ Chelsea Bissell*
                                        LANDON YOST
                                        CHELSEA BISSELL
                                        Trial Attorneys, Tax Division
                                        U.S. Department of Justice

11