IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>THOMAS MILLETT, MICHELLE MCLAUGHLIN, and FLATHEAD COUNTY,<br><br>Defendants. | CV 21–47–M–DWM<br><br><br>FINDINGS OF FACT<br>AND<br>CONCLUSIONS OF LAW |

Plaintiff United States of America seeks to reduce to judgment income tax assessments against Defendant Thomas Millett for the 2004 through 2017 tax years and for a federal tax lien against Millet's interest in real property owned by Millett and Defendant Michelle McLaughlin. Based on prior rulings in the case, the only issues remaining for trial are whether the Internal Revenue Service ("IRS") properly mailed notices of deficiency and assessed Millett's taxes for the 2009, 2011, and 2012 tax years and whether any liens arose from those assessments. (*See* Doc. 78.)

1

A one-day bench trial took place in Missoula, Montana beginning on July 10, 2023. The United States presented one witness, IRS Revenue Officer Brad Marler. Millett presented no witnesses.

Based on the evidence and testimony presented at the trial, and further considering the applicable law and the parties' written submissions, the following findings of fact and conclusions of law are made pursuant to Federal Rule of Civil Procedure 52.

## FINDINGS OF FACT

1. The testimony of Officer Marler is credible and qualifies as fact testimony, not expert testimony, because it was based on his actions as the investigating agent in the case.

2. The United States has produced copies of notices of deficiency for the 2009, 2011, and 2012 tax years. (*See* Ex. 2, 3, 4.) As indicated by Officer Marler, these notices are consistent with the standard forms sent out by the IRS in delinquency actions and, relevant here, they contain a "Letter Date," a recipient, a recipient address, and a mailing code.

3. Each notice of deficiency contains a "Letter Date":

   a. 2009 notice: January 9, 2012, (Ex. 2);

   b. 2011 notice: September 29, 2014, (Ex. 3); and

   c. 2012 notice: July 24, 2017, (Ex. 4).

2

4. The intended recipient of each mailing as reflected on each notice of deficiency is Thomas S. Millett.

5. Each notice of deficiency contains a recipient address:

   a. 2009 notice: 8174 Las Vegas Blvd. S. Ste 109, Las Vegas, NV 89123-1054340, (Ex. 2);

   b. 2011 notice: PO Box 1075, Marion, MT 59925-1075755, (Ex. 3); and

   c. 2012 notice: PO Box 1075, Marion, MT 59925-1075755, (Ex. 4).

6. Stamped on each notice of deficiency is a certified mailing number. These codes are as follows:

   a. 2009 notice: 7178 2665 9395 4335 2045, (Ex. 2);

   b. 2011 notice: 7161 7617 9285 2839 8206, (Ex. 3); and

   c. 2012 notice: 9307 1107 5620 4212 1731 75, (Ex. 4).

7. The United States has also produced copies of postal Forms 3877, also known as Certified Mailing Lists. (*See* Docs. 104, 104, 106.) The Forms 3877 show the certified mailing number and address of the intended recipients of each listed mailing. Officer Marler indicated that these forms are standard in tax actions and prepared in conjunction with the Postal Service.

8. As explained by Officer Marler, the mailing date on the Forms 3877 is the date they are stamped and signed by the Postal Service, not necessarily the

3

typewritten date on the top of form. Accordingly, the mailing date and address recorded on each Form 3877 is as follows:

    a. January 9, 2012: 8174 Las Vegas Blvd. S., Ste. 109, Las Vegas, NV 89123-1054340, (Ex. 104);

    b. September 25, 2014: PO Box 1075, Marion, MT 59925-1075755, (Ex. 105); and

    c. July 20, 2017: PO Box 1075, Marion, MT 59925-1075755, (Ex. 106).[1]

9. The intended recipient of each mailing reflected on each Form 3877 is Thomas Millett.

10. The certified mailing numbers for each mailing reflected on each Form 3877 are as follows, matching the numerical codes on the 2009, 2011, and 2012 notices of deficiency, respectively:

    a. January 9, 2012 Form: 7178 2665 9395 4335 2045, (Ex. 104);

    b. September 25, 2014 Form: 7161 7617 9285 2839 8206, (Ex. 105); and

    c. July 20, 2017 Form: 9307 1107 5620 4212 1731 75, (Ex. 106).

11. The United States has produced Forms 4340 for the 2009, 2011, and 2012 tax years. (*See* Exs. 101, 102, 103.) Officer Marler testified that Forms 4340 represent a general summary of taxpayer's tax history. Although these forms do not provide the date on which a notice of deficiency was sent, they provide context

---

[1] At the time of admission, this exhibit was mistakenly referred to as Exhibit 104.

4

for such a mailing. For example, they may state that a "90 day letter" was either undeliverable or defaulted and that taxes were assessed on a date that approximates 90 days or more *after* the date on the corresponding notice of deficiency letter.

12. The 2009 Form 4340 shows that a $15,489.00 withholding credit applied to Millett's 2009 tax year on April 15, 2010, which was the 2009 federal filing date. (Ex. 101.) It also shows that the IRS assessed additional tax by examination of $22,589.00 on May 21, 2012. (*Id.*) The entry states that the "90 day letter" was "undeliverable." (*Id.*)

13. The 2011 Form 4340 shows that a $8,176.00 withholding credit applied to Millett's 2011 tax year on April 15, 2012, which was the 2011 federal filing date. (Ex. 102.) It also shows that the IRS assessed additional tax by examination of $9,581.00 on February 16, 2015. (*Id.*) The entry states that the assessment was made "per default of 90 day letter." (*Id.*)

14. The 2012 Form 4340 shows that a $11,999.00 withholding credit applied to Millett's 2012 tax year on April 15, 2013, which was the 2012 federal filing date. (Ex. 103.) It also shows that the IRS assessed additional tax by examination of $20,419.80 on December 4, 2017. (*Id.*) The entry state that the assessment was made per "default of 90 day letter." (*Id.*)

15. Millett acquired a 50 percent interest in the real property located at 775 Pleasant Valley Road, Marion, Montana 59925 (the "Property") on March 20, 2012.

16. On September 18, 2012, Millett quitclaimed his half interest in the Property to McLaughlin for the price of "[o]ne dollar and love and affection."

## CONCLUSIONS OF LAW

17. On motion by the United States, the government's fraudulent transfer and nominee claims against Defendant McLaughlin are dismissed without prejudice.

18. In an action to collect taxes, the United States bears the burden of proof. *United States v. Stonehill*, 702 F.2d 1288, 1293 (9th Cir. 1983).

19. A federal tax assessment is an official recording of the amount of an administratively determined tax liability. 26 U.S.C. § 6203.

20. The IRS has two avenues for making federal tax assessments. One, an assessment may be made on the amounts a taxpayer has reported on his or her return. 26 U.S.C. § 6201(a)(1); 26 C.F.R. § 301.6203-1. Two, if a taxpayer does not file a return, or if the IRS determines that the amount reported is incorrect, the IRS may follow deficiency procedures. 26 U.S.C. §§ 6201(e) and 6211.

21. Deficiency procedures includes sending the taxpayer a notice of deficiency by registered or certified mail. 26 U.S.C. § 6212.

22. The notice gives the taxpayer 90 days to challenge the deficiency calculations in Tax Court. 26 U.S.C. § 6213. Accordingly, notice of deficiency letters may be postdated to ensure that the taxpayer receives the full statutory 90-day challenge period upon receipt.

23. A taxpayer need not receive the notice of deficiency for proper notice to have occurred; mailing alone is sufficient to allow the IRS to assess the deficiency. *Williams v. Comm'r*, 935 F.2d 1066, 1067 (9th Cir. 1991).

24. The notice of deficiency (Ex. 2), Form 3877, (Ex. 104), and Form 4340, (Ex. 101) for tax year 2009 establish that the notice of deficiency was mailed to Millett on January 9, 2012.

25. The notice of deficiency (Ex. 3), Form 3877, (Ex. 105), and Form 4340, (Ex. 102) for tax year 2011 establish that the notice of deficiency was mailed to Millett on September 25, 2014.

26. The notice of deficiency (Ex. 4), Form 3877, (Ex. 106), and Form 4340, (Ex. 103) for tax year 2012 establish that the notice of deficiency was mailed to Millett on July 20, 2017.

27. After the notice of deficiency is sent and, as here, the taxpayer does not petition the Tax Court, the IRS may assess the federal tax liability against the taxpayer. 26 U.S.C. § 6213.

28. IRS "deficiency determinations and assessments for unpaid taxes are normally entitled to a presumption of correctness so long as they are supported by minimal factual foundation." *Palmer v. IRS*, 116 F.3d 1309, 1312 (9th Cir. 1997).

29. The introduction of assessments "establishes a prima facie case." *Stonehill*, 702 F.2d at 1293. Once the United States introduces a presumptively correct assessment, the taxpayer bears the burden of proving the assessment is erroneous. *Id.* at 1294.

30. Forms 4340 are "probative evidence in and of [themselves] and 'in the absence of contrary evidence, [are] sufficient to establish that notices and assessments were properly made." *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993) (quoting *Hughes v. United States*, 953 F.2d 531, 540 (9th Cir. 1992)).

31. Because they are generated under seal and signed by an authorized delegate of the Secretary of the Treasury, Forms 4340 are self-authenticating records and are admissible into evidence with a presumption of correctness. *Hughes*, 953 F.2d at 540.

32. Pursuant to the 2009 Form 4340, the IRS assessed additional tax by examination of $22,589.00 on May 21, 2012. (Ex. 101.)

33. Pursuant to the 2011 Form 4340, the IRS assessed additional tax by examination of $9,581.00 on February 16, 2015. (Ex. 102.)

34. Pursuant to the 2012 Form 4340, the IRS assessed additional tax by examination of $20,419.80 on December 4, 2017. (Ex. 103.)

35. After notice and demand for payment and a taxpayer's failure to pay, a lien arises in favor of the United States in the amount of the assessment. 26 U.S.C. § 6321. That lien attaches to "all property and rights to property" of the taxpayer on the date of assessment and continues until the liability is extinguished. 26 U.S.C. §§ 6321, 6322. A tax lien is perfected upon assessment without additional action. *United States v. Vermont*, 377 U.S. 351, 352 (1964).

36. A federal tax lien arose from the 2009 tax assessment on May 21, 2012 and attached to Millett's 50 percent interest in the Property.

37. Generally, "[t]he transfer of property subsequent to the attachment of the lien does not affect the lien." *United States v. Bess*, 357 U.S. 51, 57 (1958). But if a taxpayer transfers the lien-encumbered property to a "purchaser" before the government records the lien, then the lien no longer attaches to the property and the "purchaser" takes the property free of the lien. 26 U.S.C. § 6323(a), (f).

38. As this Court previously determined, because McLaughlin did not pay adequate consideration for Millett's 50 percent interest in the Property, she is not a "purchaser" under the statute. (*See* Doc. 78.) The 2009 federal tax lien therefore survived the transfer and remains attached to a one-half interest in the Property.

9

39. Based on the foregoing, Millett's income tax assessments for the tax years 2009, 2011, and 2012 are reduced to judgment and the 2009 federal tax lien remains attached to a one-half interest in the Property.

40. Based on the evidence presented by the government, Millett's total federal tax liability for 2009 as of July 20, 2023 is $17,693.90.

41. Based on the evidence presented by the government, Millett's total federal tax liability for 2011 as of July 20, 2023 is $3,190.05.

42. Based on the evidence presented by the government, Millett's total federal tax liability for 2012 as of July 20, 2023 is $18,521.82.

43. Pursuant to Federal Rule of Civil Procedure 58, a separate judgment shall be entered contemporaneously with this Order in favor of the United States and against Millett consistent with the above and this Court's previous summary judgment decision, (*see* Doc. 78).

DATED this 20th day of July, 2023.

Donald W. Molloy, District Judge
United States District Court