Thomas S. Millett
PO Box 1075
Marion, MT 59925
406-212-3613
simplytom65@yahoo.com
(Defendant in Pro Per)

Michelle D. McLaughlin
PO Box 1075
Marion, MT 59925
(Defendant in Pro Per)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No.: 9:21-cv-47-DWM |
| Plaintiff, | ) |
| vs. | ) DEFENDANTS' MOTION TO ALTER/ AMEND JUDGMENT |
| THOMAS S. MILLETT; MICHELLE D. MCLAUGHLIN; and FLATHEAD COUNTY | ) |
| _____ | ) |

Pursuant to F.R.Civ.P. 59(e), defendants move the Court to alter/amend its judgment entered in this matter on July 20, 2023. This motion is timely since it is made within 28 days of entry of the judgment. The grounds for his motion are the facts found and legal conclusions by the Court do not support the judgment entered. Therefore manifest errors of fact and law exist, and the judgment should be altered/amended accordingly.

1

BACKGROUND

A bench trial was held for this case on July 10, 2023. The Court's Findings of Fact And Conclusions of Law ('FF/CL' Doc 88) stated the sole issues for trial were (i) whether the IRS properly mailed notices of deficiency to defendant Millett; (ii) whether assessments were made for years 2009, 2011, and 2012, and (iii) whether tax liens arose from the assessments.

Findings of Fact:

Based on the evidence presented at trial the Court found Notices of Deficiency were sent by certified mail to various addresses on various dates with Millett's name on them. Doc 88, ¶2 - 11. However, no finding was made that the addresses used at the respective mailing times were Millett's 'last known address'. Nor was any finding made that Millett received any of the notices, or of any attempted delivery of any notices by the postal service. For the year 2009, a finding was made the notice was "undeliverable". Id, ¶12. Further, no finding was made that any income existed; or that any specific tax deficiency amount existed for any year.

Also although the Court found assessments were made for various amounts for years 2009, 2011, and 2012, they are unsupported by any finding of income, or any specific tax deficiency amount for any year. There is also no finding that any notice(s) of assessment were issued to Millett as required under IRC §6303(a).

Conclusions of Law:

The Conclusions of Law do not address the requirement for use of a 'last known address' for any notice of deficiency. Although the Conclusions discuss the requirements for deficiency notice procedures (¶21 - 23, 27), they do not address (i) the requirement for use of a 'last known address', as stated in IRC §6212, nor (ii) whether Millett received any deficiency notice(s) and the effect of lack of receipt and/or failure to use a 'last known address'.

Although the Conclusions discuss assessments (agency internal recordings), and the requirement for assessment notices under IRC §6303 to create valid lien claims (Id, ¶35), no factual finding was made that any assessment notices were ever issued. The Conclusions do not discuss the effect of the lack of such notices or the effect this would have on lien claims.

Despite the above, the Court determined a 2009 federal tax lien exists against Millett's property as of May 21, 2012, which included his interest in the real property in Flathead County. Id, ¶36. It further determined Millett had a federal income tax liability of 17,693.90 for year 2009; 3190.05 for year 2011; and 18,521.82 for year 2012. Id, ¶40-42.

Prior to the above, the Court had also entered summary judgment against Millett for tax claims for years 2004 - 2008 based on its conclusion that deficiency notices had been sent to Millett for each year. Doc 78, p 9. However, no evidence was provided that

the address used on any such notices was Millett's 'last known address' at the respective time; no certified mail return receipts were ever provided, nor any evidence of any attempted delivery to Millett.

The Court entered judgment against Millett for $427,104.82, which included various amounts for all the above years, and declared the existence of a lien claim against the Flathead County property for the 2004 - 2009 tax claims. Doc 89.

ARGUMENT

In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). Defendants contend manifest errors of fact/law exist that require altering/amending the judgment.

Deficiency Notices

The IRS must send a notice of deficiency before it may assess, collect, or reduce to judgment most income tax liabilities. IRC §6213(a). Only if it is mailed to the taxpayer's last known address will the notice be valid, even if not received by the taxpayer. *United States v. Zolla*, 724 F.2d 808, 810 (9th Cir 1984). Conversely, a notice of deficiency is invalid if not properly addressed. *Id*. The notice must also be sent via certified mail.

4

IRC §6212. No presumption exists for certified mail where the return receipt is not received by the sender. *Moya v. United States*, 35 F.3d 501, 504 (10th Cir. 1994), citing *Mulder v. Commissioner*, 855 F.2d 208, 212 (5th Cir. 1988); *Powell v. C.I.R.*, 958 F.2d 53, 56 (4th Cir. 1992) (absence of certified mail return receipt shows non-delivery). Also, if a return receipt was not requested, this shows lack of due diligence. *Powell*, supra. Also see *Dalip Singh v. Gonzales*, 469 F.3d 863, 868 (9th Cir. 2006) (certified mail delivery presumption only arises where evidence of not only mailing, but also evidence of attempted delivery and notification of certified mail).

In the instant case, neither the summary judgment ruling (regarding years 2004 - 2008), nor the FF/CL (regarding years 2009, 2011, and 2012) considered (i) whether the addresses used in the deficiency notices were Millett's respective 'last known addresses' at the time of each notice, or (ii) the lack of any certified mail return receipts. According to both IRC§6212 and the above case authority, these are highly material issues that must be addressed. Absent valid deficiency notices, there can be no valid assessment, and any collection activity (including collection suits) is barred. Even beyond the above is the lack of determination that Millett even had any income for the years in question, much less taxable income.

Assessment Notices

In addition to the above is the lack of determination of plaintiff's compliance with the assessment notice requirements of IRC §6303(a) for all the above years. This law

5

requires notice of each assessment to be issued within 60 days to the 'last known address' of each person liable, stating the amount and demanding payment. It is only after failure/refusal to pay this notice does a tax lien arise. *Detroit Bank v. U.S.*, 317 U.S. 329, 335 (1942) (no lien exists absent demand for payment and refusal to pay). Other than use of certified mail, the assessment notice mailing requirements are the same as for deficiency notices. Here no mailing address was discussed (or provided) at all in the summary judgment proceeding (Doc 78, p 13) or in the FF/CL. Nor was any determination made of the content of any such notice. Without these determinations, the conclusion of the existence of any lien claim against Millett is unsupported.

CONCLUSION

The Court's failure to address the above issues is manifest legal error that does not support the judgment, and it should be altered/amended accordingly. The judgment should be amended to show the tax claims asserted against Millett for years 2004 - 2008, 2009, 2011, and 2012 are dismissed, and no tax lien exists from those years.

/s/ Thomas S. Millett
Thomas S. Millett
PO Box 1075
Marion, MT 59925

/s/ Michelle D. McLaughlin
Michelle D. McLaughlin
PO Box 1075
Marion, MT 59925

CERTIFICATE OF SERVICE

       IT IS HEREBY CERTIFIED that on this 16TH day of August 2023, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to the following:

Chelsea Bissell
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
(Attorney for United States)

                                           /s/ Thomas S. Millett