**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 30 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff-ctr-defendant - Appellee,<br><br> v.<br><br>COUNTY OF FLATHEAD,<br><br>        Defendant,<br><br>THOMAS MILLETT; MICHELLE MCLAUGHLIN,<br><br>        Defendant-ctr-claimants - Appellants. | No. 23-3031<br><br>D.C. No.<br>9:21-cv-00047-DWM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted July 14, 2025[**]

Before: HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Appellants seek reversal of the district court's decision granting in part the government's motion for summary judgment, reversal of the district court's judgment, dismissal of the government's claims, and release from certain tax liens. We have jurisdiction under 28 U.S.C. §§ 1340 and 1345, as well as 26 U.S.C. § 7402. We affirm.

Appellant Thomas Millett failed to pay his federal income taxes in full between 2004 and 2017, accumulating more than $400,000 in federal tax liabilities. After repeated notices and demands, the government filed this action, seeking to obtain a judgment and preserve tax liens against certain of Millett's property (co-owned with Appellant Michelle McLaughlin). The district court found in favor of the government.

Millett's argument that the district court's factual findings were unsupported fails. For the tax years in which Millett filed a return, the district court's conclusions were supported by Millett's tax returns and IRS assessments. For the tax years in which Millett did not file a return, the court's conclusions were supported by Millett's own testimony, IRS assessments, copies of notices of deficiency, and certified mailing logs. This evidence, to which Millett offered no contrary evidence, was sufficient for the court to reduce Millett's liabilities to judgment. *United States v. Stonehill*, 702 F.2d 1288, 1293 (9th Cir. 1983). Millett's remaining contentions—that a district court must specifically reference every piece

of evidence supporting its factual findings; that Form 4340 assessment dates must be labeled "23C" or else be disregarded; and that the IRS must produce the documents that underlie assessments, despite the production of other factual foundation and the absence of any rebuttal evidence—are meritless. His argument regarding his last-known address is forfeited.

Millett's argument that the court erred by failing to rule on his pretrial evidentiary objection also fails. Millett has cited no authority obliging the court to rule on his objection before, as opposed to during, trial. Despite the district court's explanation (and Millett's stated understanding) that these objections would be handled during trial, Millett did not renew the relevant objection when the evidence was introduced at trial. Absent a contemporaneous objection, we decline to review unless plain error is shown. *United States v. Palmer*, 3 F.3d 300, 304 (9th Cir. 1993). We see no plain error here.

**AFFIRMED.**